# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD JAMES DAVERN,

       Plaintiff,

vs.

BROWARD COUNTY, FLORIDA, a political subdivision of the state of Florida, JAVIER MORALES, and ANGEL RIVERA,

       Defendants.
_____/

## COMPLAINT

Plaintiff, Richard James Davern ("Mr. Davern") sues Defendant BROWARD COUNTY, FLORIDA (the "County") and Defendants JAVIER MORALES ("Deputy Morales") individually, and ANGEL RIVERA ("Deputy Rivera") individually, and in support thereof, states the following:

## INTRODUCTION

1. This is a civil rights action on behalf of Mr. Davern whose rights under the Fourth Amendment to the United States Constitution were violated when he was falsely arrested by Deputy Morales and Deputy Rivera. Deputy Rivera, with the assistance of Deputy Morales, lied on the booking report and probable cause affidavit, and arrested Mr. Davern without cause, resulting in his false imprisonment.

2. Mr. Davern seeks redress for the violations of his rights, privileges, and immunities as guaranteed them by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C § 1983, and the laws of the State of Florida.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4).

4. Supplemental jurisdiction over Plaintiff's additional state law claims is proper pursuant to 28 U.S.C. §1367(a) because they form part of the same case or controversy.

5. Venue is properly brought in the Southern District of Florida under 28 U.S.C. 1391(b) because it is the district in which all parties reside, and in which all of the events establishing the Plaintiff's claims occurred.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution, including pursuant to Fla. Stat. 768.28.

## PARTIES

7. Mr. Davern is 49 years old, a resident of Broward County, Florida, and *sui juris*.

8. Defendant, Broward County, is a political subdivision of the State of Florida, organized and existing under the laws of the State of Florida. The County established and maintains the Broward County Sheriff's department, as a constituent department or agency which is responsible for providing law enforcement services within Broward County. The County is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the County and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States. The County assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

9. Deputy Morales is a natural person, a citizen of the State of Florida, over 18 years of age, and otherwise *sui juris*.

10. Deputy Rivera is a natural person, a citizen of the State of Florida, over 18 years of

age, and otherwise *sui juris*.

11. At all times material, Deputies Morales and Rivera were and/or are employed as deputy sheriffs of the Broward County Sheriff's Office ("BSO"). The BSO serves 14 Broward County cities and all of Broward County's unincorporated areas and has approximately 5,400 employees.

12. At all times material hereto, Deputies Morales and Rivera were employees and sworn law enforcement officers of BSO and are being sued in their individual capacity. At all times material hereto, Deputies Morales and Rivera were acting as agents and employees of Broward County and were acting under the color of state law.

13. As set forth in more detail below, Deputies Morales and Rivera, while acting within the course and scope of their employment with the BSO and under color of law, directly violated the constitutional rights of Mr. Davern as well as violated statutory and common law duties owed to Mr. Davern.

## ALLEGATIONS OF MR. DAVERN

14. On June 6, 2019, at approximately 3:30 p.m., Mr. Davern awoke from a 4-hour nap and went outside his Pompano Beach, Florida home to smoke a cigarette.

15. As he sat in front of his house smoking, suddenly, an unmarked vehicle pulled onto Mr. Davern's from lawn.

16. Deputies Morales and Rivera exited the vehicle and Deputy Morales immediately placed Mr. Davern in handcuffs.

17. Deputies Morales and Rivera then put Mr. Davern in their extremely hot and unairconditioned vehicle without reading Mr. Davern his Miranda rights or explaining why he was being placed under arrest.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

18. To cover up their unlawful detention of Mr. Davern, Deputies Morales and Rivera fabricated that Mr. Davern was stopped by the officers for driving his motorcycle without an endorsement.

19. In fact, Mr. Davern had been sleeping for the prior four hours.

20. In fact, Deputies Morales and Rivera had not just witnessed Mr. Davern riding a motorcycle.

21. As a result, Mr. Davern was deprived of his liberty for 24 hours while he was transported to and kept in jail.

## COUNT I
## 42 U.S.C. §1983
*(Mr. Davern against Deputy Morales)*

22. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

23. At all times material, Mr. Davern had a constitutionally protected right to be free from unreasonable searches and seizures or from being subjected to a seizure or arrest without probable cause and maintained the right to be free from unlawful detention, protected rights under the Fourth Amendment of the United States Constitution.

24. On June 6, 2019, Deputy Morales, acting under color of law, caused Mr. Davern to be seized, detained, and deprived Mr. Davern of his liberty for 24 hours, against his will and without legal authority to do so, and despite his desire to leave.

25. At no time did Deputy Morales have any reasonable or articulable suspicion or probable cause which would support a constitutional seizure or arrest of Mr. Davern.

26. On June 6, 2019, notwithstanding having zero reasonable or articulable suspicion and without probable cause, Deputy Morales approached Mr. Davern's home and caused Mr. Davern to be detained and searched, all in violation of clearly established law.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

27. At all times material, any reasonably competent officer having a reasonable degree of training and expertise should have known that there was no constitutional or legally justifiable basis to seize Mr. Davern.

28. At all times material hereto, it was a clearly established violation of Mr. Davern's constitutional right to be free from unreasonable searches and seizures when no reasonable or articulable suspicion or probable cause of any criminal activity existed to seize, search, or detain Mr. Davern.

29. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant JAVIER MORALES for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

### COUNT II
### *False Imprisonment*
*(Mr. Davern against Deputy Morales)*

30. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

31. This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

32. On June 6, 2019, Deputy Morales, acting in the course and scope of his employment as a Deputy Sherriff for the County, caused Mr. Davern to be seized, detained, and deprived Mr. Davern of his liberty for 24 hours, against his will and without legal authority to do so, and despite

5 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

his desire to leave.

33. At no time did Deputy Morales have any reasonable or articulable suspicion or probable cause which would support a constitutional seizure or arrest of Mr. Davern.

34. On June 6, 2019, notwithstanding having zero reasonable or articulable suspicion and without probable cause, Deputy Morales approached Mr. Davern's home and caused Mr. Davern to be detained and searched, all in violation of clearly established law.

35. Deputy Morales acted with malice, bad faith or wanton or willful disregard for the safety of Mr. Davern's well-being.

36. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant JAVIER MORALES for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

### COUNT III
### *Assault and Battery*
*(Mr. Davern against Deputy Morales)*

37. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

38. This is an action, under the common law of the State of Florida, for assault and battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

39. On June 6, 2019, Deputy Morales, acting in the course and scope of his employment as a Deputy Sherriff for the County, caused Mr. Davern to be seized, handcuffed, and shoved into

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

a vehicle. Deputy Morales's actions were intentional and intended to cause a harmful or offensive contact with the person of Mr. Davern.

40. Deputy Morales acted with malice, bad faith or wanton or willful disregard for the safety of Mr. Davern's well-being.

41. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant JAVIER MORALES for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

### COUNT IV
### 42 U.S.C. §1983
*(Mr. Davern against Deputy Rivera)*

42. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

43. At all times material, Mr. Davern had a constitutionally protected right to be free from unreasonable searches and seizures or from being subjected to a seizure or arrest without probable cause and maintained the right to be free from unlawful detention, protected rights under the Fourth Amendment of the United States Constitution.

44. On June 6, 2019, Deputy Rivera, acting under color of law, caused Mr. Davern to be seized, detained, and deprived Mr. Davern of his liberty for 24 hours, against his will and without legal authority to do so, and despite his desire to leave.

45. At no time did Deputy Rivera have any reasonable or articulable suspicion or probable cause which would support a constitutional seizure or arrest of Mr. Davern.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

46. On June 6, 2019, notwithstanding having zero reasonable or articulable suspicion and without probable cause, Deputy Rivera approached Mr. Davern's home and caused Mr. Davern to be detained and searched, all in violation of clearly established law.

47. At all times material, any reasonably competent officer having a reasonable degree of training and expertise should have known that there was no constitutional or legally justifiable basis to seize Mr. Davern.

48. At all times material hereto, it was a clearly established violation of Mr. Davern's constitutional right to be free from unreasonable searches and seizures when no reasonable or articulable suspicion or probable cause of any criminal activity existed to seize, search, or detain Mr. Davern.

49. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant ANGEL RIVERA for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

## COUNT V
### *False Imprisonment*
*(Mr. Davern against Deputy Rivera)*

50. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

51. This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

8 | P a g e
**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

52. On June 6, 2019, Deputy Rivera, acting in the course and scope of his employment as a Deputy Sherriff for the County, caused Mr. Davern to be seized, detained, and deprived Mr. Davern of his liberty for 24 hours, against his will and without legal authority to do so, and despite his desire to leave.

53. At no time did Deputy Rivera have any reasonable or articulable suspicion or probable cause which would support a constitutional seizure or arrest of Mr. Davern.

54. On June 6, 2019, notwithstanding having zero reasonable or articulable suspicion and without probable cause, Deputy Rivera approached Mr. Davern's home and caused Mr. Davern to be detained and searched, all in violation of clearly established law.

55. Deputy Rivera acted with malice, bad faith or wanton or willful disregard for the safety of Mr. Davern's well-being.

56. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant ANGEL RIVERA for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

### COUNT VI
### *Assault and Battery*
*(Mr. Davern against Deputy Rivera)*

57. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

58. This is an action, under the common law of the State of Florida, for assault and battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C.

9 | P a g e
**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

§ 1983, as set forth above.

59. On June 6, 2019, Deputy Rivera, acting in the course and scope of his employment as a Deputy Sherriff for the County, caused Mr. Davern to be seized, handcuffed, and shoved into a vehicle. Deputy Rivera's actions were intentional and intended to cause a harmful or offensive contact with the person of Mr. Davern.

60. Deputy Rivera acted with malice, bad faith or wanton or willful disregard for the safety of Mr. Davern's well-being

61. As a direct and proximate result of the false imprisonment, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

**WHEREFORE**, Plaintiff RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant ANGEL RIVERA for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

## COUNT VII
### *Vicarious Liability- State Law Torts*
*(Mr. Davern against Broward County)*

62. Mr. Davern incorporates paragraphs 1-21 as though fully set forth herein.

63. This is an action brought against the County pursuant to Fla. Stat. 768.28.

64. This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996)[1].

---

[1] "As a preliminary matter, the Court notes that Federal Rule of Civil Procedure 8(e)(2) authorizes pleading in the alternative, and that claims against a governmental entity and its employee "tend to be mutually exclusive in light of the law of sovereign immunity."" *Vega v. Enamorado,* 2007 WL 9702731, at *4 (S.D. Fla. 2007)(Ungaro, J.) (citations omitted).

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

65. On or about June 6, 2019, Deputies Morales and Rivera, acting in the course and scope of their employment as police officers for the County caused Mr. Davern to be falsely detained, subject to assault and battery and searched.

66. Deputies Morales and Rivera deprived Mr. Davern of his liberty, against his will and without legal authority to do so, despite his desires to leave. Deputies Morales and Rivera's actions of causing Mr. Davern to be detained, assaulted, battered, and searched were unreasonable and unwarranted under the circumstances, and were against Mr. Davern's will, and without legal authority.

67. The County is responsible for Deputies Morales and Rivera's actions in that the battery, assault, and false imprisonment were committed within the course and scope of Deputies Morales and Rivera's employment with the County, such that the doctrine of *respondeat superior* applies to this action.

68. As a direct and proximate result of the above torts, Mr. Davern has suffered bodily injury, pain and suffering, mental anguish, and loss of capacity for enjoyment of life. These injuries and losses are permanent and continuing, and Mr. Davern will suffer such losses in the future.

69. Mr. Davern has complied with all conditions precedent pursuant to Fla. Stat. 768.28 prior to filing this action.

70. Mr. Davern has ongoing and continuous permanent damages and injuries and as such is entitled to recovery. As a direct and proximate result of the unlawful actions taken by Deputies Morales and Rivera on behalf of the County, Mr. Davern has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, RICHARD JAMES DAVERN, seeks entry of final judgment against Defendant BROWARD COUNTY, FLORIDA for compensatory and punitive damages,

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

costs, attorney fees, and such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, RICHARD JAMES DAVERN, demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No.:  91210
E-mail:chezky@rodallaw.com
Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
*Counsel for Mr. Davern*

12 | P a g e
**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com